IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY HENDERSON, § | | |
| TDCJ #834622, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2354 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Leroy Henderson (TDCJ #834622), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Henderson seeks a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254, and he has filed a memorandum in support of his petition. After reviewing the pleadings, Henderson's litigation history, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.   BACKGROUND**

Henderson reports that he was convicted on June 25, 1998, in cause number 763935, of aggravated sexual assault of a child. Court records reflect that Henderson was also convicted in a related case (cause number 793936) of sexual assault involving a different child. Following a joint trial of those charges, a jury in the 263rd District Court of Harris

County, Texas, found Henderson guilty and sentenced him to serve concurrent terms of 50 and 20 years' imprisonment, respectively. Both convictions were affirmed on direct appeal in an unpublished opinion. *See Henderson v. State*, Nos. 14-98-00763-CR & 14-98-00764-CR (Tex. App. — Houston [14th Dist.] March 2, 2000, pet. ref'd).

Henderson now seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction for aggravated sexual assault in cause number 763935. In the pending federal habeas petition, which is dated June 17, 2011, Henderson contends that he is entitled to relief because he was denied effective assistance at trial and during his appeal. Henderson claims further that he was denied due process because the prosecutor engaged in misconduct at trial and that he is actually innocent because the sexual assault charges against him were based on false testimony.

Court records indicate that Henderson's convictions in cause numbers 763935 and 763936 became final in 2002, sometime after the Texas Court of Criminal Appeals refused his petition for discretionary review and his motion for rehearing. Because Henderson's conviction became final many years ago, the pending petition appears barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

More importantly, this is not the first habeas corpus petition that Henderson has filed in federal court to challenge his convictions in cause numbers 763935 and 763936. Henderson initially sought habeas corpus relief only from his conviction for sexual assault in cause number 763936. *See Henderson v. Quarterman*, Civil No. H-05-0103 (S.D. Tex.). On July 13, 2005, the district court granted the respondent's motion for summary judgment

in that case, dismissing the petition with prejudice as barred by the governing one-year statute of limitations. Henderson did not file an appeal.

Henderson filed a separate petition to challenge his conviction for aggravated sexual assault in cause number 763935. *See Henderson v. Dretke*, Civil No. H-05-1072 (S.D. Tex.). The record in that case shows that, on September 14, 2005, this Court granted Henderson's motion to dismiss the petition without prejudice so that he could pursue additional review in state court.

After completing state review, Henderson filed another federal habeas application on February 22, 2006, challenging both convictions in cause numbers 763935 and 763936. *See Henderson v. Quarterman*, Civil No. H-06-0605 (S.D. Tex.). The reviewing court granted the respondent's motion to dismiss that case, noting that Henderson's challenge to the conviction in cause number 763936 was successive. The reviewing court found further that Henderson's challenge to the conviction in cause number 763935 was barred by the governing one-year statute of limitations. Henderson did not file an appeal from that decision.

Henderson filed another federal habeas corpus petition on March 3, 2009, challenging only the conviction in cause number 763936. The district court dismissed that petition summarily as an unauthorized successive petition. *Henderson v. Quarterman*, Civil No. H-09-0644 (S.D. Tex. March 16, 2009). The Fifth Circuit denied Henderson's petition for a certificate of appealability from that decision. *See Henderson v. Quarterman*, No. 09-20189 (5th Cir. Sept. 9, 2009).

Based on this record, it is apparent that Henderson has made more than one unsuccessful attempt to challenge the conviction at issue in this case. For reasons discussed briefly below, the Court concludes that his pending petition is also subject to dismissal.

## II.     **DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Court records reflect that Henderson has asserted claims of ineffective-assistance, prosecutorial

misconduct, and actual innocence in more than one prior federal habeas corpus petition. *See Henderson v. Dretke*, Civil No. H-05-1072 (S.D. Tex.); *Henderson v. Quarterman*, Civil No. H-06-0605 (S.D. Tex.); *see also Henderson v. Quarterman*, Civil No. H-09-0644 (S.D. Tex.). The Court concludes, therefore, that the pending petition qualifies as a successive writ application for purposes of § 2244(b)(3)(A).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent the requisite authorization from the Fifth Circuit, this Court lacks jurisdiction over the petition. *Id.* at 775. Therefore, this proceeding must be dismissed.

### III.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed

under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on <u>Jun 27</u>, 2011.

                                        Nancy F. Atlas
                                    United States District Judge